UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DARIO ACEVEDO

    Plaintiff,

v.                                                                 Case No. _____

TD BANK, N.A., EXPERIAN
INFORMATION SOLUTIONS,
INC.; TRANS UNION  LLC,

    Defendants.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Dario Acevedo brings this action against TD Bank, N.A., Experian Information Solutions, Inc., and Trans Union LLC and alleges:

### Introduction

1.  This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (FCRA) and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* (FCCPA).

2.  In or around March 2019, an individual stole Plaintiff's TD Bank credit card while Plaintiff was out of the country. There was approximately $11,000 in fraudulent charges made to the card.

3.  Plaintiff brings claims for actual and punitive damages against Defendants for their claims or attempts to enforce a debts when it is known that the debts are not legitimate, for their inaccurate reporting, and for their failure to investigate Plaintiff's disputes of that inaccurate reporting.

**Jurisdiction, Venue and Parties**

4. This Court has original jurisdiction over Plaintiff's claims arising under the FCRA pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367, as they arise from a common nucleus of operative fact, and form part of the same case or controversy.

6. Personal jurisdiction exists over Defendants as they have the necessary minimum contacts with the State of Florida, this suit arises out of Defendants' specific conduct with Plaintiff in Florida, and Plaintiff was injured in Florida.

7. Venue is appropriate in the United States District Court for the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. § 1391, as a substantial part of the events giving rise to Plaintiff's claims occurred in Hillsborough County, Florida.

8. Plaintiff is a natural person residing in Hillsborough County, Florida.

9. Plaintiff is, and was at all relevant times a "consumer" as defined by the FCRA, 15 U.S.C. § 1681a(c) and the FCCPA, Fla. Stat. § 559.55(8).

10. Defendant TD Bank, N.A. ("TD Bank") is a national association and its registered agent is United States Corporation Company located at 1201 Hays Street, Tallahassee, Florida 32301-2525. TD Bank regularly conducts business in the State of Florida.

11. Defendant Experian Information Solutions, Inc. ("Experian") is a consumer reporting agency formed in Ohio and headquartered in Costa Mesa, California. Experian conducts business in the State of Florida through its registered agent, CT Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

12. Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

13. Defendant Trans Union LLC ("Trans Union") is a consumer reporting agency formed in Delaware and headquartered in Chicago, Illinois. Trans Union conducts business in the State of Florida through its registered agent, The Prenctice-Hall Corporation System, Inc., 1201 Hays Street, Tallahassee, Florida 32301.

14. Trans Union is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

## General Allegations

15. On March 11, 2019, Plaintiff flew from Tampa, Florida to Queretaro, Mexico. He had his TD Bank credit card in his possession.

16. In July 2019, Plaintiff decided to return to the United States. When purchasing a ticket, he realized his TD Bank credit card had expired, so he used a different credit card.

17. Plaintiff returned to the United States on July 17, 2019.

18. The next day, July 18, 2019, Plaintiff called TD Bank to request a new credit card to replace the expired card.

19. TD Bank told Plaintiff that a new card had already been mailed to him back in April. TD Bank also told Plaintiff that his current balance on the card was more than $11,000.

20. Plaintiff disputed the charges with TD Bank, explaining that he was not in the country, was not aware that a new card was mailed, and had not received it.

21. Plaintiff received his bank statements from TD Bank and discovered more than $10,000 in fraudulent charges during the time he was in Mexico, including thousands of dollars of ATM cash advances.

22. On October 2, 2019, Plaintiff filed a police report with the City of Tampa Police Department, and a fraud affidavit with TD Bank.

23. On or around March 6, 2020, Plaintiff mailed his first dispute letter to Defendant Experian.

24. In this dispute, Plaintiff included his social security number along with a photo of his driver's license showing his name, date of birth, and address. Plaintiff also included the following information:

> My Experian report is also showing an account with TD Bank, account number [REDACTED] as past due with a balance of $10,383. I have tried to dispute this account directly with TD Bank to no avail. This is my account, but NOT MY BALANCE. The card for this account was delivered to another unit in my building and was activated and used without my consent. I was out of the country when this card was activated. This is not my debt and this needs to be removed from my credit report.

25. Within this dispute letter, Plaintiff also included the number for the police report he filed with the City of Tampa.

26. As of the date of filing this lawsuit, Plaintiff has not received any response to this dispute.

27. On or around March 6, 2020, Plaintiff mailed his first dispute letter to Defendant Trans Union.

28. In this dispute, Plaintiff included his social security number along with a photo of his driver's license showing his name, date of birth, and address. Plaintiff also included the following information:

> My Trans Union report is also showing an account with TD Bank, account number [REDACTED] as past due with a balance of $10,383. I have tried to dispute this account directly with TD Bank to no avail. This is my account, but NOT MY BALANCE. The card for this account was delivered to another unit in my building and was activated and used without my consent. I was out of the country when this card was activated. This is not my debt and this needs to be removed from my credit report.

29. Within this dispute letter, Plaintiff also included the number for the police report he filed with the City of Tampa.

30. As of the date of filing this lawsuit, Plaintiff has not received any response to this dispute.

31. On May 5, 2020, Plaintiff mailed his second dispute letter to both Experian and Trans Union. These disputes again included all of his personal identifiers, a statement that these were not his charges, and the information he had in regards to the police report.

32. On or around May 20, 2020, Defendant Trans Union mailed Plaintiff an Identity Theft Victim Assistance Affidavit requesting more personal information and information about the fraud that he was disputing.

33. On June 1, 2020, Plaintiff completed and signed the fraud affidavit in the presence of a notary. He mailed the affidavit back to Trans Union the same day.

34. On May 28, 2020, before even receiving the affidavit that they requested, Trans Union responded to Plaintiff's dispute stating that they had verified it as accurate.

35. Plaintiff never received a response to his dispute to Experian.

36. As of June 23, 2020, the TD bank account was still reporting the fraudulent balance on Plaintiff's Experian credit report. The Experian credit report contained "Reinvestigation Information" that provided: "This item remained unchanged from our processing of your dispute in Feb 2020."

37. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of adverse interest rates, lost loan and credit opportunities, credit defamation, time and expense dealt with repeatedly disputing the accounts and communicating with Defendants, as well as emotional distress.

38. All necessary conditions precedent to the filing of this action have occurred.

## COUNT I
### (Violations of FCRA § 1681s-2(b) by TD Bank, N.A.)

39. Plaintiff re-alleges and incorporates paragraphs 1 through 38, including all subparts, as if fully set forth herein.

40. TD Bank is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher of information" as codified at 15 U.S.C. § 1681s-2.

41. TD Bank published false information regarding Plaintiff's alleged debt obligation and the TD Bank account to Experian and Trans Union and through Experian and Trans Union to all of Plaintiff's potential lenders.

42. On one or more occasions within the past two years, by example only and without limitation, TD Bank violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies along with Plaintiff's disputes.

43. When Plaintiff mailed his detailed, written disputes and enclosures to Experian and Trans Union, those consumer reporting agencies (CRAs) used a dispute system named "e-OSCAR" which has been adopted by the CRAs and by their furnisher-customers such as DFS.  It is an automated system and the procedures used by the CRAs are systemic and uniform.

44. When a CRA like Experian or Trans Union receives a consumer dispute, it (usually via an offshore, outsourced vendor) translates that dispute into an Automated Credit Dispute Verification or "ACDV" form.

45. The ACDV form is the method by which TD Bank has elected to receive consumer disputes pursuant to 15 U.S.C. § 1681i(a).

46. Based on the manner in which Experian and Trans Union responded to each of the Plaintiff's disputes, representing that TD Bank had verified the supposed accuracy of its reporting, Plaintiff alleges that Experian and Trans Union did in fact forward Plaintiff's disputes via ACDVs to TD Bank.

47. TD Bank understood the nature of the Plaintiff's disputes when it received the ACDVs from Experian and Trans Union.

48. TD Bank violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate Plaintiff's dispute of TD Bank's representations; by failing to review all relevant information regarding same; by failing to correctly report the results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of TD Bank's representations to the consumer reporting agencies.

49. TD Bank violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to Experian, and Trans Union after TD Bank had been notified of the dispute and that the information was inaccurate.

50. As a result of TD Bank's conduct, action and inaction, Plaintiff suffered damage by loss of time due to Plaintiff's attempts to correct the inaccurate information; stress; and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

51. TD Bank's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages pursuant to 15 U.S.C. § 1681n. In the alternative, TD Bank was negligent entitling Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against TD Bank, N.A. for statutory damages, punitive damages, actual damages,

costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT II
### (Violations of the FCCPA by TD Bank, N.A.)

52. Plaintiff re-alleges and incorporates paragraphs 1 through 38, including all subparts, as if fully set forth herein.

53. The debt that is the subject matter of this Complaint is a "consumer debt" as defined by Florida Statute § 559.55(6).

54. At all times relevant to this action TD Bank was subject to and required to abide by the laws of the State of Florida, including Florida Statutes § 559.72 *et seq.*

55. TD Bank repeatedly attempted to collect a debt from Plaintiff that Plaintiff is not legally obligated to pay. Plaintiff did not make the disputed purchases on the card.

56. TD Bank has violated Florida Statute § 559.72(9) by claiming, attempting, or threatening to enforce a debt when it knows that the debt is not legitimate, or by asserting the existence of some other legal right when it knows that the right does not exist.

57. TD Bank's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute § 559.77.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant TD Bank, N.A. for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT III
**(Violations of the FCRA § 1681i(a) by Experian)**

58. Plaintiff re-alleges and incorporates paragraphs 1 through 38, including all subparts, as if fully set forth herein.

59. Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file.

60. Experian failed to investigate Plaintiff's dispute despite Plaintiff providing all the necessary information. Experian chose to ignore all the information provided in the dispute and rely solely on the information provided by TD Bank. Plaintiff even provided his contact information, but Experian made no attempt to contact him to obtain any additional information if any was needed.

61. Experian chose to ignore this information and simply parroted the information provided by the furnisher.

62. Discovery will show that when Experian receives an ACDV response from a furnisher, the consumer's credit file is automatically updated with whatever information the furnisher has provided. No human being at Experian reviews the ACDV response to conduct any independent investigation whatsoever.

63. Experian's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages pursuant to 15 U.S.C. § 1681n. In the alternative, Experian was negligent, entitling Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant Experian Information Solutions, Inc. for statutory damages, punitive

damages, actual damages, costs, interest, attorney fees, for pre-judgment and post-judgment interest at the legal rate, enjoinder from further violations of these parts, and any other such relief the Court may deem just and proper.

## COUNT IV
### (Violations of the FCRA § 1681e(b) by Experian)

64. Plaintiff re-alleges and incorporates paragraphs 1 through 38, including all subparts, as if fully set forth herein.

65. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

66. Plaintiff did not make the disputed charges on the TD Bank account, nor did he authorize anyone else to make those charges. Despite this, Experian's procedures allowed for the account to be reported on Plaintiff's Experian credit report.

67. As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damages by cost of communications for the many hours spent attempting to remedy the error, stress associated with a reduction in available credit, and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit reduction.

68. Experian's conduct, action, and inaction was willful, rendering it liable for punitive damages pursuant to 15 U.S.C. § 1681n. In the alternative, Experian was negligent entitling Plaintiff to recover under 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant Experian Information Solutions, Inc. for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, for pre-judgment and post-judgment

interest at the legal rate, enjoinder from further violations of these parts, and any other such relief the Court may deem just and proper.

## COUNT V
### (Violations of the FCRA § 1681i(a) by Trans Union LLC)

69. Plaintiff re-alleges and incorporates paragraphs 1 through 38, including all subparts, as if fully set forth herein.

70. Trans Union violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file.

71. Trans Union failed to investigate Plaintiff's dispute despite Plaintiff providing all the necessary information. Trans Union chose to ignore all the information provided in the dispute and rely solely on the information provided by TD Bank. Plaintiff even provided his contact information, but Trans Union made no attempt to contact him to obtain any additional information if any was needed.

72. Trans Union chose to ignore this information and simply parroted the information provided by the furnisher.

73. Trans Union's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages pursuant to 15 U.S.C. § 1681n. In the alternative, Trans Union was negligent, entitling Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant Trans Union LLC for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, for pre-judgment and post-judgment interest at the legal

rate, enjoinder from further violations of these parts, and any other such relief the Court may deem just and proper.

## COUNT IV
### (Violations of the FCRA § 1681e(b) by Trans Union LLC)

74. Plaintiff re-alleges and incorporates paragraphs 1 through 38, including all subparts, as if fully set forth herein.

75. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

76. Plaintiff did not make the disputed charges on the TD Bank account, nor did he authorize anyone else to make those charges. Despite this, Trans Union's procedures allowed for the account to be reported on Plaintiff's Trans Union credit report.

77. As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damages by cost of communications for the many hours spent attempting to remedy the error, stress associated with a reduction in available credit, and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit reduction.

78. Trans Union's conduct, action, and inaction was willful, rendering it liable for punitive damages pursuant to 15 U.S.C. § 1681n. In the alternative, Trans Union was negligent entitling Plaintiff to recover under 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant Trans Union LLC for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, for pre-judgment and post-judgment interest at the legal rate, enjoinder from further violations of these parts, and any other such relief the Court may deem just and proper.

        Respectfully submitted,

        *s/ Joshua R. Kersey*
        Joshua R. Kersey
        Florida Bar No. 087578
        MORGAN & MORGAN, PA
        201 North Franklin Street, 7th Floor
        Tampa, Florida 33602
        Telephone: (813) 223-5505
        Facsimile:  (813) 222-2490
        JKersey@ForThePeople.com
        AWynne@ForThePeople.com
        *Attorney for Plaintiff*