# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| DARIO ACEVEDO,<br><br>Plaintiff,<br><br>v.<br><br>TD BANK, N.A., EXPERIAN INFORMATION SOLUTIONS, INC., and TRANS UNION LLC,<br><br>Defendants. | Case No. 8:20-cv-01632-MSS-TGW |

## JOINT MOTION TO MODIFY AMENDED CASE MANAGEMENT AND SCHEDULING ORDER TO EXTEND DISCOVERY DEADLINE

Pursuant to Federal Rule of Civil Procedure 16 and Local Rule 3.8, and for the reasons provided below, Plaintiff Dario Acevedo ("**Plaintiff**") and Defendant TD Bank, N.A. ("**TD Bank**" and together with Plaintiff, the "**Parties**") hereby file this *Joint Motion to Modify Amended Case Management and Scheduling Order to Extend Discovery Deadline*, as set forth below:

1. On April 12, 2021, the Court entered an *Amended Case Management and Scheduling Order* [ECF No. 41] (the "**CMO**"), which sets forth the current discovery schedule and case deadlines in this case.

DM1\12278682.1

2. The Parties have worked diligently to move the discovery process forward. In response to a request for production from TD Bank, Plaintiff has produced documents **ACEVEDO 001-181**, and in response to two requests for production from Plaintiff, TD Bank has produced documents and recordings **TD_DA_001-718** consisting of documents as well as more than sixty (60) audio recordings totaling more than nine (9) hours of audio.

3. Further, in response to subpoenas for the production of documents, third party Experian Information Solutions, Inc. ("**Experian**")[1] has produced documents **EXP 001-189**; third party Trans Union LLC ("**Trans Union**")[2] has produced documents **TU 001-207;** third party Equifax Information Services LLC has produced documents **EQUIFAX 001-460**; third party Total System Services, Inc. ("**TSYS**") has produced documents **TSYS 001-442**; third party T-Mobile has produced documents **TMOBILE 001-037**; third party City of Tampa Police Department has produced documents **TPD 001-155**; and third-party CitiBank has produced documents and recordings **CITIBANK 001-170**.

---

[1] Experian was initially a party to this lawsuit, but was voluntarily dismissed on December 30, 2020 (ECF No. 31).
[2] Trans Union was initially a party to this lawsuit, but was voluntarily dismissed on March 8, 2021 (ECF No. 35).

4. On June 10, 2021, Plaintiff Dario Acevedo took the 30(b)(6) deposition of TD Bank.

5. In addition, the Parties have conferred regarding the scheduling a number of additional depositions,[3] including the deposition of Plaintiff, employees of TD Bank, the corporate representative(s) of and employees of TSYS, and corporate representative(s) of Experian. Moreover, counsel for Plaintiff has issued subpoenas for the deposition of corporate representatives of Equifax and Trans Union.

6. Despite the diligent efforts of Plaintiff and TD Bank in moving the discovery process forward, the Parties will be unable to conduct all necessary discovery by the current discovery deadline, which, under the CMO, is August 16, 2021. Among other things, the Parties have been made aware of the fact that one or more of the noticed or subpoenaed deponents will not be available to sit for a deposition until after August 16, 2021.

7. In order to allow the Parties the time needed to coordinate deposition schedules (among the Parties, their counsel, their employees, third parties and

---

[3] TD Bank has objected to the proportional need for the additional depositions and the Parties have conferred regarding TD Bank's objection. The Parties agree that this discovery dispute does not need to be decided before mediation and reserve their respective rights concerning the additional depositions.

their employees) and conduct the necessary discovery, the Parties respectfully request that the Court modify the scheduling order by extending only the discovery deadline by sixty (60) days to **October 15, 2021**, more than five months prior to the start of the trial term under the CMO.

8. The current discovery deadline under the CMO also coincides with the deadline for mediation. Mediation has been set and noticed for August 16, 2021, before Mediator Jim Betts. [ECF No. 44].

9. The Parties are hopeful that this matter can be resolved at mediation, if not beforehand.

10. The sixty-day extension of the discovery deadline requested herein would, if granted, also enable the Parties to conserve their resources at this juncture and focus their efforts on resolving this matter at or before mediation by permitting the Parties to proceed with remaining discovery tasks for a brief period of time following mediation, in the event that this case does not resolve at mediation.

11. The Parties have conferred regarding the proposed modification to the CMO and are in agreement that the requested modification is necessary for the

reasons stated above. The Parties therefore respectfully ask the Court to modify the scheduling order to extend the discovery deadline to **October 15, 2021**.

12.     In accordance with Section II(B)(2) of the CMO, the Parties represent that (a) the additional time for discovery is necessary for the reasons set forth above; (b) all Parties agree that the extension will not affect the dispositive motions deadline or the trial date; (c) all Parties agree that any discovery conducted after the dispositive motions date established under the CMO will not be available for summary judgment purposes; and (d) no party will use the granting of the extension in support of a motion to extend another date or deadline.

13.     There is good cause to move the discovery deadline in this case, as set forth in paragraphs 6 through 10 above, and this agreed motion is not intended to prejudice any party or to cause any undue delay, nor will the sought extension interrupt the progression of this matter toward trial to the extent it is not resolved beforehand.

14.     TD Bank's counsel has conferred with Plaintiff's counsel, and Plaintiff's counsel does not oppose extending the deadlines as set forth above.

## **MEMORANDUM OF LAW**

The Court has broad discretion to grant this motion. *Rink v. Cheminova, Inc.*, 400 F.3d 1286 (11th Cir. 2005) (district courts are vested with wide discretion in controlling their dockets by granting or denying a motion for continuance); *Perez v. Miami-Dade County*, 297 F.3d 1255, 1263 & n.21 (11th Cir. 2002) (indicating that the district courts have discretion over the scheduling and disposition of cases); *Santiago v. Lykes Bros. Steamship Co.*, 986 F.2d 423, 427 (11th Cir. 1993) (finding that the district courts have broad discretion in deciding whether to modify a pretrial order). Good cause exists to extend a deadline under Rule 16 where, as here, the existing schedule cannot be met despite the parties' diligence. *United States v. Wilkins*, 2017 WL 10526108, at *1 (M.D. Fla. Oct. 17, 2017) (citing *Ashmore v. Sec'y, Dep't of Transp.*, 503 Fed. App'x 683, 685 (11th Cir. 2013)).

Because of the need for additional discovery, namely the taking of certain party and nonparty depositions as discussed above, the Parties jointly seek an extension of the discovery deadline by sixty (60) days, which extension will further permit the Parties to focus their efforts over the next two weeks on resolving this matter at or before mediation, which is to take place on the same day currently established as the discovery deadline. For the reasons set forth above, the Parties

jointly and respectfully that the Court grant this motion and extend the discovery deadline to **October 15, 2021.**

WHEREFORE, the Parties respectfully request that the Court extend the discovery deadline by sixty (60) days as set forth in this Motion.

| | |
|---|---|
| *s/* Matthew Loker | *s/* Justin M. L. Stern |
| Matthew Loker | Justin M. L. Stern |
| California Bar No. 279939 | Florida Bar No. 1010139 |
| Loker Law, APC | Duane Morris LLP |
| 1303 E. Grand Ave., Ste. 101 | 1875 NW Corporate Blvd., Ste. 300 |
| Arroyo Grande, California 93420 | Boca Raton, FL 33431 |
| 805 994-0177 | Telephone: (561) 962-2100 |
| matt@loker.law | JMLStern@duanemorris.com |
| *and* | *Attorney for Defendant TD Bank, N.A.* |
| Joshua R. Kersey | |
| Florida Bar No. 087578 | |
| Morgan & Morgan, PA | |
| 201 North Franklin Street, 7th Floor | |
| Tampa, Florida 33602 | |
| Telephone: (813) 223-5505 | |
| JKersey@ForThePeople.com | |
| AWynne@ForThePeople.com | |
| *Attorneys for Plaintiff* | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 30, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will automatically serve a copy on the all counsel of record.

s/ Justin M. L. Stern
Justin M. L. Stern
